IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| SAMUEL DEWAYNE DELMAST, #1584085 § | | |
| VS. § | | CIVIL ACTION NO. 4:09cv629 |
| ALFONSO CARDENAS, ET AL. § | | |

ORDER OF PARTIAL DISMISSAL

Plaintiff Samuel Dewayne Delmast, a Texas prison inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge Don D. Bush, who issued a Report and Recommendation (docket entry #110) finding that the Court should grant Defendant Dr. Alfonso Cardenas's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff has filed objections (docket entry #117).

The basis of the Magistrate Judge's Report and Recommendation is that Dr. Cardenas was not under contract with the State of Texas and, therefore, was not acting under color of law in providing medical services to Plaintiff for the purposes of liability under § 1983. Furthermore, in Dr. Cardenas's umbrella motion to dismiss (docket entry #90), incorporating his earlier motions including one to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), he asserts that he is not under contract with the State of Texas to provide inmate medical services. *See* Motion (docket entry #90) at 3. Plaintiff does not allege that he is under any such contract. However, Plaintiff now argues in his objections, for the first time, that Dr. Cardenas acted in a conspiracy with the Grayson County Jail officials in order to violate his constitutional rights against

1

unreasonable searches without a warrant. He did not allege such a conspiracy in his complaint.

Two elements are necessary for recovery in a section 1983 suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Adickes v. Kress*, 398 U.S. 144, 149, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *Bui Phu Xuan v. Fort Worth Star Telegram*, 277 Fed. Appx. 452, 454 (5th Cir.) (*per curiam*), *cert. denied*, 129 S. Ct. 296, 172 L. Ed. 2d 216 (2008), *and reh'g denied*, 129 S. Ct. 621, 172 L. Ed. 2d 473 (2008). As the Plaintiff points out, "[a] private party may be held liable under § 1983 if he or she is a 'willful participant in joint activity with the State or its agents.'" *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.) (quoting *Adickes*, 398 U.S. at 152), *cert. denied*, 513 U.S. 868, 115 S. Ct. 189, 130 L. Ed. 2d 122 (1994). However, in order to support such a conspiracy claim, a plaintiff must allege facts that suggest: "1) an agreement between the private and public defendants to commit an illegal act . . . and 2) an actual deprivation of constitutional rights." *Id.* (internal citations omitted). Stated another way, "[t]he elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999), *abrogated on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948-49 (5th Cir. 2003), *cert. denied*, 543 U.S. 808, 125 S. Ct. 31, 160 L. Ed. 2d 10 (2004), *and cert. denied*, 543 U.S. 808, 125 S. Ct. 33, 160 L. Ed. 2d 10 (2004).

Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 28 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (internal citations and quotations omitted), *vacated on other grounds and remanded*, 117 F.3d 1504 (5th Cir. 1997) (*en banc*), *cert. denied*, 522 U.S. 1058, 118 S. Ct. 716, 139 L. Ed. 2d 656 (1998); *see*

2

*also Scott v. Curry*, 46 Fed. Appx. 732, 732 (5th Cir. 2002) (unpublished opinion), *Decker v. McDonald*, 2010 WL 1424322, at *23 (E.D. Tex. Jan. 11, 2010).

Here, Plaintiff has not met the burden of alleging a conspiracy. "[N]othing in his complaint implies or states that these [Defendants] agreed to undertake a scheme to deprive [Plaintiff] of his constitutional rights." *Cinel*, 14 F.3d at 1343-44. Neither has he added anything in his objections to show or imply an actual scheme with an agreement between prison officials and Dr. Cardenas aimed at depriving Plaintiff of his constitutional rights. At most, Plaintiff alleges that Dr. Cardenas had been informed by prison officials and by Plaintiff himself that Plaintiff had ingested a quantity of methamphetamine, inducing a drug overdose, and was further informed by prison officials that they believed Plaintiff had secreted more drugs in a balloon in his anal cavity. He does not allege any set of facts tending to show that Dr. Cardenas discussed and agreed with a plan by the Texas prison officials to bypass a warrant and conduct a cavity search on Plaintiff.

Indeed, Plaintiff explicitly alleges that Dr. Cardenas expressed concern to him that if he had additional drugs in a balloon that could burst inside his body, on top of the drugs he had already consumed, he could be in danger. Plaintiff also alleges that Dr. Cardenas was concerned about insurance liability for the hospital and himself should such an incident occur without his having conducted a full medical exam, including an anal examination. *See* Objections at 7; Complaint at 16. For those reasons, Plaintiff alleges, Dr. Cardenas decided to conduct the cavity search "for personal reasons." *See* Objections at 7. These allegations are inconsistent with a theory of a conspiracy with the specific intent to violate a constitutional right, *Kerr*, 171 F.3d at 340, for the purpose of obtaining evidence in a criminal investigation by acting under color of law. Therefore, Plaintiff's conspiracy theory, added only in his objections, fails.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and the

Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Defendant Dr. Alfonso Cardenas's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (docket entry #90) is **GRANTED**. All claims and relief sought against him are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1).

**SIGNED this the 25th day of March, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE