IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

SAMUEL DEWAYNE DELMAST, #1589085 §

VS. § CIVIL ACTION NO. 4:09cv629

ALFONSO CARDENAS, ET AL. §

MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S
MOTION FOR RECONSIDERATION OF JUDGMENT

Plaintiff Samuel Dewayne Delmast, an inmate confined in the Robertson Unit of the Texas

prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42

U.S.C. § 1983, complaining of events occurring at the Grayson County Jail and the Wilson N. Jones

Medical Center between the night of January 7 and the early morning hours of January 8, 2008.  The

complaint was referred to a Magistrate Judge for findings of fact, conclusions of law and

recommendations for the disposition of the case.  Now before the Court is Plaintiff's Motion for

Reconsideration (docket entry #187) of the Court's adoption of the Magistrate Judge's Report and

Recommendation ("R&R") and entry of final judgment dismissing his lawsuit.

I.      **Factual Background**

Plaintiff is confined in the Texas prison system following a traffic arrest in Grayson County,

Texas, and the ensuing discovery of a quantity of methamphetamine on his person at the Grayson

County Jail while he was being processed for booking.  The discovery took place while he was being

escorted into the jail from the parking area.  He attempted to and did consume some quantity of the

methamphetamine by dropping to the floor and licking up an amount that fell out of the leg of his

1

pants. The arresting officer and deputies at the jail then subdued Plaintiff, during which he struggled and resisted the officers. Following the attendant strip search and examination at a hospital, which included a body cavity search, Plaintiff filed the instant lawsuit claiming that excessive force had been used during the struggle to subdue him; officers were deliberately indifferent to his medical needs after he was subdued; and that he underwent an unreasonable body cavity search while he was being examined at the hospital. Following a lengthy litigation, during which certain Defendants were dismissed, the remaining Defendants filed a Motion for Summary Judgment ("MSJ"). The assigned Magistrate Judge issued his R&R recommending that summary judgment be granted in favor of Defendants, which the Court adopted on September 30, 2011, issuing final judgment. Plaintiff has filed his Motion for Reconsideration, contending that he timely filed objections to the R&R, which were not considered. *See* Motion at 1-3.

## II.    Analysis

Plaintiff seeks relief from judgment, but has not specified the basis for doing so. He argues that he filed objections to the Magistrate Judge's R&R, but that the Court did not consider them. The R&R issued on September 1, 2011; Plaintiff acknowledged receipt of the R&R on September 12, 2011 (docket entry # 180). No objections having been filed, the Court adopted the R&R and issued final judgment on September 30, 2011. Plaintiff's objections were then filed on October 3, 2011 (docket entry #184). In his Motion for Reconsideration, he contends that he placed them in the prison mail system on September 26, 2011, which would have been the 14th day after he acknowledged receipt. However, the exhibit attached to his Motion, a statement from his prison unit mail room, reflects only that Plaintiff had an outgoing piece of mail in the mail system on September 29, 2011, which would have been outside the period for a timely response. *See* Motion at Ex. 1. In

any event, he asks the Court to "accept his objections to the R&R as timely and reconsider the findings in [the Order Adopting Report and Recommendation] . . . ." Motion at 3.

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1 2009).[1]

_____

[1] Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar,*

Turning to Federal Rule of Civil Procedure 60(b), that Rule reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Here, Plaintiff's motion was filed on October 20, 2011. That is within 28 days of final judgment in this case. Therefore, the Court will construe it as a Rule 59(e) motion to alter or amend a judgment. A Rule 59(e) motion may also be interpreted as covering motions to vacate judgments. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir 1993). Plaintiff's Motion is unclear, but a vacated judgment may be what he seeks, inasmuch as he wishes the Court to consider his objections to the Magistrate Judge's original Report and Recommendation. *See* Motion at 3. However, that is not necessary, as the Court will consider his objections herein. In any

---

*LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

case, whether the Court were to consider Plaintiff's motions under the Rule 59(e) or 60(b) standard, the outcome would remain the same.

In his objections, Plaintiff asserts that he was subjected to an excessive use of force. His argument is little different from the more-detailed argument he made in his Opposition to Defendants' MSJ. *See* Opp. at 8-13. He also objects to what he characterizes as the Magistrate Judge's "credibility determinations." *See* Objections at 4-6, citing, *inter alia*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Although it is true that the Magistrate Judge stated at one point in his detailed R&R that Plaintiff's declaration "is simply not credible in light of the video and cannot create a fact issue to overcome summary judgment," R&R at 19, his statement does not fall afoul of *Anderson*. Instead, the Magistrate Judge had just given an extremely detailed description of events as they could be viewed unfolding on the video taken of Plaintiff's resistance and being subdued when he attempted to ingest the methamphetamine. The Magistrate Judge explicitly reasoned,

> As the Fifth Circuit has stated, "we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (citing *Scott v. Harris*, 550 U.S. 372, 381 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (a court of appeals need not rely on the plaintiff's description of the facts where the record discredits that description but should instead consider "the facts in the light depicted by the videotape.")).

R&R at 19. The Magistrate Judge assigned the appropriate weight in light of the video evidence. Plaintiff's objection in this light is ungrounded.

Plaintiff next asserts that his injuries "rise above *de minimis*." Objections at 7. Again, the Magistrate Judge addressed this in detail. Plaintiff raises nothing new, but argues again that he was subjected to an excessive use of force resulting in injuries beyond those that should have been expected through his own misconduct. As discussed above, Plaintiff's argument is without merit.

Plaintiff also re-raises his same arguments addressed by the Magistrate Judge about Defendants' alleged deliberate indifference to his medical needs. However, his arguments have already been considered and do not avail him here.

Next, Plaintiff contends again that he was subjected to an unreasonable body cavity search and that the actions of two of the officers constituted civil conspiracy to perform it. As the Magistrate Judge reasoned, the search met the appropriate balancing test and was not unreasonable. *Bell v. Wolfish*, 441 U.S. 520, 550, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); *United States v. Simpson*, 416 Fed. Appx. 390, 391 (5th Cir. 2011) (per curiam). Petitioner again essentially reargues the same points in his Objections. His argument is without merit, as is his "civil conspiracy" claim.

Finally, Plaintiff attempts to re-raise the issue of qualified immunity. However, because there was no constitutional violation, the Defendants were entitled to qualified immunity in any case. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L. Ed. 2d 565 (2009); *Collins v. Ainsworth*, 382 F.3d 529, 541 (5th Cir. 2004).

Plaintiff's arguments, whether raised as objections to the Magistrate Judge's R&R or as points in his Motion for Reconsideration, are without merit. Therefore, his argument to alter, amend or vacate the judgment under the standard of either Rule 59(e) or 60(b) fails.

The Court is mindful of the requirement to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355. Inasmuch as Plaintiff has raised no valid objection or argument as to the correctness of the final judgment in this case, the Court will deny his motion for reconsideration or for relief from judgment.

It is accordingly

**ORDERED** that Plaintiff's Motion for Reconsideration (docket entry #187), construed under

Fed. R. Civ. P. 59(e), is hereby **DENIED**.  It is further

**ORDERED** that any motion not already ruled upon is hereby **DENIED**.


**SIGNED this the 20th day of March, 2012.**


_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE