IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

SAMUEL DEWAYNE DELMAST, #1584085 §

VS. § CIVIL ACTION NO. 4:09cv629

ALFONSO CARDENAS, ET AL. §

MEMORANDUM OPINION AND ORDER ON
APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Came on for consideration, Appellant Samuel Dewayne Delmast's Motion for Leave to Proceed *In Forma Pauperis* on Appeal (docket entry #197) from the dismissal of his civil rights lawsuit.

I. **BACKGROUND AND HISTORY**

Appellant has not hesitated to file a voluminous series of motions and other pleadings in this case, regardless of the posture of the case or the propriety of doing so. Earlier in this case, on April 7, 2011, Appellant filed a motion to amend judgment and for permission to file an interlocutory appeal with regard to the Court's dismissal of Defendant Dr. Cardenas. *See* docket entry #171. On September 30, 2011, the Court entered a Memorandum Opinion and Order denying both the motion to amend judgment dismissing Dr. Cardenas and Appellant's motion to file an interlocutory appeal. *See* docket entry #181.

On June 1, 2011, Appellant filed a similar notice of an attempted interlocutory appeal (docket entry #176) of an order dismissing a single former defendant of the 17 he named, Kevin Hudson. He also filed a motion to proceed *in forma pauperis* on appeal (docket entry #177) with regard to that purported appeal, which was denied on August 19, 2011 (docket entry #178). The United States Court of Appeals for the Fifth Circuit dismissed the appeal on November 22, 2011, in Case Number 11-40665 (District Court docket entry #190). That was the first USCA case number associated with Appellant's lawsuit.

1

On September 30, 2011, the Court adopted a Report and Recommendation (docket entry #179) from the Magistrate Judge as to the remaining defendants' motion for summary judgment, dismissed Appellant's complaint with prejudice, and entered final judgment. *See* docket entries #182, 183.

Appellant then filed a subsequent notice of appeal (docket entries #185, 186 filed concurrently on October 20, 2011) appealing once again the dismissal of the same prior defendant, Kevin Hudson (dismissed on August 31, 2010, in docket entry #131), along with another dismissed defendant, Brian McClaran (dismissed on August 31, 2010, in docket entry #129), and the Court's denial of Appellant's motion to amend the judgment dismissing Dr. Cardenas (on September 30, 2011, in docket entry #181, discussed *supra*). Also on October 20, 2011, Appellant filed a motion for reconsideration of the Final Judgment, incorporating his untimely objections to the Magistrate Judge's original Report and Recommendation of dismissal. *See* docket entry #187.

On December 7, 2011, Appellant then filed another motion to proceed *in forma pauperis* on appeal, *see* docket entry #189, which this Court denied (*see* docket entry #192) on January 27, 2012. The Court cited its earlier holdings in its various Orders as reasons that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (To comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims).

On March 21, 2012, the Court then issued a Memorandum Opinion and Order, considering Appellant's untimely objections to the Magistrate Judge's Report and Recommendation and denying Appellant's motion for reconsideration of the Final Judgment over those objections. *See* docket entry #193.

Shortly thereafter, on April 5, 2012, the Fifth Circuit entered its Judgment issued as a Mandate in appellate case number 11-41173, denying Appellant's appeals filed on October 20, 2011. *See* docket entry #196. This was the second appellate case number associated with Appellant's lawsuit. Notably, at that point, the appellate docket already reflected the District Court's denial of Appellant's

motion for reconsideration of the Final Judgment when the Fifth Circuit dismissed Appellant's appeal in USCA case number 11-41173.

Nonetheless, Appellant then filed another notice of appeal. On April 16, 2012, Appellant filed his notice of appeal of this Court's Memorandum Opinion and Order denying his motion for reconsideration of the Final Judgment. *See* docket entry #195.[1] He explicitly invokes the Court's denial in docket entry #193, cited above, regarding the dismissal of remaining Defendants Hall, Rector, Luton, Whitworth, Clark, Doyle and Donohoe. The Fifth Circuit then opened its third appellate case number in this lawsuit, USCA number 12-40426. However, there are entries on the dockets of case number 12-40426 and the earlier appeal, USCA number 11-41173, consolidating the two appeals together.

Appellant filed his latest Motion for Leave to Appeal *In Forma Pauperis* on May 4, 2012. *See* docket entry #197. This motion is the subject of the instant Memorandum Opinion and Order.

## II. APPELLANT'S INSTANT MOTION TO PROCEED *IN FORMA PAUPERIS* IS DENIED

Title 28 U.S.C. § 1915(a)(3) states that leave to proceed on appeal *in forma pauperis* shall be denied if the district court determines that the appeal is not taken in "good faith" (*i.e.*, if the appeal fails to present a nonfrivolous issue). *Coppedge v. U.S.*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Similarly, under Fed. R. App. P. 24(a)(3)(A), the Appellant is ineligible for *in forma pauperis* status if the Court certifies that the appeal is not taken in "good faith." If the district court finds no "legal points arguable on the merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 5th Cir. 1983); *see also Wai Leung Chu v. United*

---

[1] The District Court docket number precedes the docket entry number for the Fifth Circuit's last dismissal of Appellant's prior appeal because of the dates each was entered by the Clerk of this Court.

*States*, 353 Fed. Appx. 952, 953 (5th Cir. 2009) (per curiam); *Groden v. Kizzia*, 354 Fed. Appx. 36, 36 (5th Cir. 2009) (per curiam); *Walton v. Valdez*, 340 Fed. Appx. 954, 955 (5th Cir. 2009) (per curiam). The Court further points out that its Final Judgment dismissed Appellant's claims with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

For reasons stated in the Reports and Recommendations with regard to Defendant Cardenas, (docket entry #110), Defendant Hudson (docket entry #111), Defendant McClaran (docket entry #116) and on the motion for summary judgment by Defendants Lutton, Whitworth, Clark, Donohoe, Hall, Rector and Doyle (docket entry #179); the Orders of Partial Dismissal (docket entries #129, 130, 131 and 166); the Court's Memorandum Opinion and Order denying Appellant's motion to amend judgment regarding Defendant Cardenas (docket entry #181); the Order Adopting Report and Recommendation and Order of Final Judgment (docket entries #182, 183); and the Memorandum Opinion and Order (docket entry #193) denying Appellant's Motion for Reconsideration, the Court certifies that the Appellant's most recent appeal, as each of his previous numerous appeals in this case, is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Baugh*, 117 F.3d at 202 n.21 (To comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims). Appellant's lack of good faith is further evidenced by the fact that the Appellant clearly has taken every opportunity to file a pleading or notice of appeal of individual orders instead of the Final Judgment in this case as required by the final judgment rule, which states that "a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994); *see also Henry v. Lake Charles American Press, LLC*, 566 F.3d 164, 171 (5th Cir.2009) (noting that "as a general rule, parties must litigate all issues in the trial court before appealing any one issue"). In fact, even his instant purported appeal is not of the Final Judgment, but of the Court's denial of his motion for reconsideration of the judgment. He is both vexatious and a seriatim filer of unnecessary pleadings that, if not designed to deplete the District Court's and the Fifth Circuit's judicial resources, has

certainly had that effect.

It is accordingly

**ORDERED** that the motion for leave to proceed *in forma pauperis* on appeal (docket entry #197) is **DENIED**.

### III. APPELLANT'S *IN FORMA PAUPERIS* APPLICATION TO THE FIFTH CIRCUIT IS INSUFFICIENT AND DEFECTIVE

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Appellant may challenge this finding pursuant to *Baugh v. Taylor*, by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. *Baugh*, 117 F.3d at 202. A review of the Fifth Circuit dockets in USCA Case Nos. 11-41173 and 12-40426 reveal that Appellant has already filed such a motion with the Fifth Circuit, which is docketed on both of the consolidated dockets. In both cases, the motion is listed as "insufficient for the following reasons: contains no certificate of service," *see* dockets 11-41173 & 12-40426, which is indicative of Appellant's filings throughout this action. It is therefore a defective motion under any circumstances.

In the event the Fifth Circuit should grant the motion, the cost to proceed on appeal is calculated below, and if granted, the prison authorities will be directed to collect the fees as calculated in this order.

Samuel Dewayne Delmast, #1584085, filed a prisoner trust account data sheet with his motion to proceed *in forma pauperis* on appeal. The data sheet shows that Appellant has no balance in his account and no deposits over the last six months. Therefore, he will not be assessed an initial partial filing fee. Nevertheless, the granting of the motion does not relieve the Plaintiff of the responsibility of paying the $455.00 filing fee or any partial fees connected therewith, unless and until the Court directs otherwise, regardless of the disposition of the case.

Therefore, the Appellant shall pay $455.00, the filing fee, in periodic installments. The Appellant is required to make payments of 20% of the preceding month's income credited to the

5

appellant's prison account until appellant has paid the total filing fee of $455.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the Fifth Circuit grants Appellant's motion to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

**SIGNED this the 1st day of July, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE